## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 18-22513-Civ-WILLIAMS/TORRES

ATANACHY D. MORALES,

      Plaintiff,

v.

NANCY A. BERRYHILL,
Commissioner of Social
Security Administration,

      Defendant.

_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on a *sua sponte* review of the record. Atanachy D. Morales ("Plaintiff") filed this action on June 21, 2018, seeking review of an Administrative Law Judge's Social Security decision. [D.E. 1]. On June 21, 2018, Plaintiff sought leave to litigate this case *in forma pauperis* [D.E. 3] and the Court granted that relief on July 5, 2018. [D.E. 4]. Approximately three years later, the Court issued an order to show cause so that Plaintiff could explain why this action should not be dismissed for lack of prosecution and a failure to serve the Commissioner of the Social Security Administration ("Defendant") under Fed. R. Civ. P. 4. [D.E. 5]. The Court required Plaintiff to file a written response on or before July 28, 2021. *Id.* However, Plaintiff failed to file a response and has taken no action for more than three years.

1

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. *Id.* (citing Fed. R. Civ. P. 41(b)). Courts also possess the power to dismiss an action for "failure to prosecute with reasonable diligence or to comply with [the Court's] orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Here, the undersigned recommends that Plaintiff's complaint be dismissed pursuant to Fed. R. Civ. P. 41(b) for a failure to prosecute and a failure to comply with a court order. *See Taylor v. Augusta-Richmond Cnty. Consol. Comm'rs*, 618 F. App'x 651, 651 (11th Cir. 2015) (finding dismissal for failure to prosecute appropriate where plaintiff failed to comply with order of the district court to respond to a motion to dismiss his complaint, even after district court *sua sponte* granted plaintiff an extension of time). Plaintiff has had three years to serve Defendant and to litigate this case but has failed to do so. The record also shows that Plaintiff has never effectuated service of process on Defendant. The Court subsequently issued an order to show cause to give Plaintiff an opportunity to explain the untimely delay, but Plaintiff took no action in response. Accordingly, Plaintiff's complaint should be **DISMISSED** without prejudice and this case should be **CLOSED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 12th day of August, 2021.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge